UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVE COBURGER and
MICHAEL GARRIDO,

     Plaintiffs,

v.

Case No. 2:25-cv-01007

PROPEL TECHNOLOGIES FLA, LLC,
a Florida limited liability company,
BRIAN HALBEISEN, an individual,
PHILLIP LESSNAU, an individual, and
GERRY TOWNER, an individual,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Steve Coburger ("Coburger") and Michael Garrido ("Garrido") (herein collectively "Plaintiff's"), sue Defendants, PROPEL TECHNOLOGIES FLA, LLC, ("Propel"), BRIAN HALBEISEN ("Halbeisen"), PHILLIP LESSNAU ("Lessnau"), and GERRY TOWNER ("Towner"), (herein collectively "Defendants"), and state as follows:

### INTRODUCTION

1.      This is an action brought by Plaintiffs for unpaid straight time wages, unpaid overtime wages, liquidated damages, retaliation, and breach of contract against their former employer and its principals.

**CALCIANO PIERRO, PLLC**

## PARTIES

2.      Plaintiff, Steve Coburger, is an individual over the age of 18 and a resident of Cape Coral, Lee County, Florida.

3.      Plaintiff, Michael Garrido, is an individual over the age of 18 and a resident of Cape Coral, Lee County, Florida.

4.      Defendant, Propel Technologies Fla, LLC, is a Florida limited liability company with its principal address listed as 1871 Porter Lake Dr, Sarasota, Florida.

5.      Defendant, Brian Halbeisen, is an individual and an owner of Defendant Propel.

6.      Defendant, Phillip Lessnau, is an individual and an owner of Defendant Propel.

7.      Defendant, Gerry Towner, is an individual and was a branch manager and supervisor for Defendant Propel.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States.

9.      This Court has supplemental jurisdiction over Plaintiffs' state law breach of contract claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

10.    Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in

2

CALCIANO PIERRO, PLLC

this district. Venue is proper in the Fort Myers Division as, during the time period material hereto, the Defendants conducted substantial business in Lee County, the Plaintiffs reside in Lee County, and most of Plaintiff Garrido's unpaid work hours at issue accrued in Lee County.

11.    All conditions precedent to maintaining this action have been performed, have occurred, have been excused, have been waived, or are futile.

## GENERAL ALLEGATIONS

12.    At all material times, Defendants employed Plaintiffs as non-exempt, hourly employees.

13.    Defendants failed to maintain accurate time and payroll records and failed to provide Plaintiffs with paystubs for every pay period.

14.    As a pattern and practice, Defendants repeatedly failed to pay Plaintiffs for all hours worked, including straight time and overtime hours, and in the case of Plaintiff Garrido, Defendants failed to pay him at least the federal minimum wage for one or more workweeks.

### FLSA Coverage

15.    Defendant Propel generates more than $500,000 in annual revenues.

16.    Defendant Propel is based out of Detroit, Michigan and operates in Florida, regularly conducting business across state lines.

17.    Defendant Propel's employees, including Plaintiffs, handled goods and materials, such as lights, wires, and switches, that moved in interstate commerce.

CALCIANO PIERRO, PLLC

18.    Defendant Halbeisen determined how much Plaintiffs were paid.

19.    Defendant Lessnau determined how much Plaintiff Coburger was paid and controlled Plaintiff Garrido's hours and when he was paid.

20.    Defendant Towner determined and controlled Plaintiffs' work hours and how much Plaintiff Garrido was paid.

21.    Because they exercised significant operational control over Plaintiffs' employment, including their work hours and compensation, the individual Defendants were each an "employer" of the Plaintiffs within the meaning of the FLSA and are individually liable for the violations of the FLSA alleged herein.

### Facts Specific to Plaintiff Coburger

22.    Defendants employed Plaintiff Coburger as a Commercial Electrician from approximately May 9, 2025, to July 9, 2025.

23.    Defendants agreed to pay Plaintiff Coburger an hourly rate of $35.00 per hour.

24.    As a material part of the compensation agreement, Defendant Propel also promised to pay Plaintiff Coburger his regular hourly rate for 1.5 hours of drive time each day as he had to travel from Lee County, Florida to Sarasota, Florida.

### Facts Specific to Plaintiff Garrido

25.    Defendants employed Plaintiff Garrido as a Crew Lead/Foreman from approximately March 1, 2025, to July 1, 2025.

26.    Defendants agreed to pay Plaintiff Garrido an hourly rate of $33.00 per hour.

27.    Plaintiff Garrido performed work for Defendants primarily in Lee County and Sarasota County, Florida.

28.    During his employment, Plaintiff Garrido consistently worked more than forty (40) hours per week, averaging 49 hours and at times working up to 125 hours in a two-week period.

29.    Defendants failed to pay Plaintiff Garrido for all hours worked, including overtime, and failed to pay his final paycheck.

30.    On or about July 1, 2025, Plaintiff Garrido protested working additional overtime for which he was not being paid.

31.    In direct response to his protest, Defendants terminated Plaintiff Garrido's employment.

## COUNT I
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. § 207 - Against All Defendants on behalf of Plaintiff Coburger)*

32.    Plaintiff Coburger realleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 31.

33.    During the relevant time period, Plaintiff Coburger was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

34.     During the relevant time period, Defendants routinely required Plaintiff Coburger to work in excess of forty (40) hours in a workweek.

35.     In violation of the FLSA, Defendants willfully failed to pay Plaintiff Coburger time and one-half his regular rate of pay for overtime hours worked.

36.     As a direct result of Defendants' violation of the FLSA, Plaintiff Coburger has suffered damages in the way of unpaid overtime compensation.

37.     Plaintiff Coburger is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, Steve Coburger, demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, statutory liquidated damages, together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT II
### (Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. § 207 - Against All Defendants on behalf of Plaintiff Garrido)

38.     Plaintiff Garrido realleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 31.

39.     During the relevant time period, Plaintiff Garrido was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

CALCIANO PIERRO, PLLC

40.     During the relevant time period, Defendants routinely required Plaintiff Garrido to work in excess of forty (40) hours in a workweek.

41.     In violation of the FLSA, Defendants willfully failed to pay Plaintiff Garrido time and one-half his regular rate of pay for overtime hours worked.

42.     As a direct result of Defendants' violation of the FLSA, Plaintiff Garrido has suffered damages in the way of unpaid overtime compensation.

43.     Plaintiff Garrido is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, Michael Garrido, demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, statutory liquidated damages, together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT III
*(Failure to Pay Minimum Wages in violation of the FLSA, 29 U.S.C. § 206 - Against All Defendants on behalf of Plaintiff Garrido)*

44.     Plaintiff Garrido realleges and adopts, as if fully set forth in Count III, the allegations in paragraphs 1 through 31.

45.     The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage.

CALCIANO PIERRO, PLLC

46.     During the relevant time period, Plaintiff Garrido was a non-exempt employee under the FLSA and was therefore entitled to payment of at least the federal minimum wage for each regular hour worked.

47.     For his final pay period, Defendants willfully failed to compensate Plaintiff Garrido with any wages, resulting in an effective hourly wage below the federal minimum wage.

48.     Defendants owe Plaintiff Garrido unpaid federal minimum wages plus an additional amount in the way of liquidated damages equal to the unpaid minimum wages.

WHEREFORE, Plaintiff, Michael Garrido, demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus an equal amount in the way of liquidated damages, together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT IV
### *(Retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3) - Against All Defendants on behalf of Plaintiff Garrido)*

49.     Plaintiff Garrido realleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 31.

50.     Defendants terminated Plaintiff Garrido's employment because he engaged in protected activity under the FLSA by complaining about unpaid overtime.

CALCIANO PIERRO, PLLC

51.　　As a direct result of Defendants' unlawful and retaliatory actions, Plaintiff Garrido has suffered damages, including but not limited to lost wages and emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for unpaid overtime compensation, statutory liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT V
### *(Breach of Oral Contract – Unpaid Drive Time - Against Defendant Propel on behalf of Plaintiff Coburger)*

52.　　Plaintiff Coburger realleges and adopts, as if fully set forth in Count V, the allegations in paragraphs 1 through 31.

53.　　Plaintiff Coburger conferred a benefit upon Defendant Propel by providing services as agreed.

54.　　A material term of the agreement was that Defendant Propel would pay Plaintiff Coburger for 1.5 hours of drive time each day at his regular rate.

55.　　Defendant Propel accepted the benefit of Plaintiff Coburger's services but failed to pay for them as agreed, thereby breaching the contr.

WHEREFORE, Plaintiff, Steve Coburger, demands judgment against Defendant Propel for monetary damages in the amount of the unpaid drive time, plus pre-judgment and post-judgment interest, together with the costs of suit and reasonable

CALCIANO PIERRO, PLLC

attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT VI
### *(Breach of Oral Contract – Unpaid Regular Wages - Against Defendant Propel on behalf of Plaintiff Coburger)*

56.    Plaintiff Coburger realleges and adopts, as if fully set forth in Count VI, the allegations in paragraphs 1 through 31.

57.    Plaintiff Coburger provided valuable services to Defendant Propel at its request.

58.    A material term of the agreement was that Defendant Propel would pay Plaintiff Coburger $35.00 per hour for all regular hours worked.

59.    Defendant Propel accepted the benefit of Plaintiff Coburger's services but failed to pay for all regular hours worked, thereby breaching the contract.

WHEREFORE, Plaintiff, Steve Coburger, demands judgment against Defendant Propel for monetary damages in the amount of all unpaid regular wages, plus pre-judgment and post-judgment interest, together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## COUNT VII
### *(Breach of Oral Contract – Unpaid Wages - Against Defendant Propel on behalf of Plaintiff Garrido)*

60.    Plaintiff Garrido realleges and adopts, as if fully set forth in Count VII, the allegations in paragraphs 1 through 31.

CALCIANO PIERRO, PLLC

61.    Plaintiff Garrido provided valuable services to Defendant Propel at its request.

62.    A material term of the agreement was that Defendant Propel would pay Plaintiff Garrido $33.00 per hour for all hours worked

63.    Defendant Propel accepted the benefit of Plaintiff Garrido's services but failed to pay for all hours worked, including his final paycheck, thereby breaching the contract.

64.    As a direct and proximate result, Plaintiff Garrido has suffered damages.

WHEREFORE, Plaintiff, Michael Garrido, demands judgment against Defendant Propel for monetary damages in the amount of all unpaid wages, plus pre-judgment and post-judgment interest, together with the costs of suit and reasonable attorney's fees pursuant to Fla. Stat. § 448.08, and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 3rd day of November 2025.        Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiffs*
**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com